UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY THOMAS,

                              Plaintiff,          9:17-CV-1191
                                                        (GLS/DJS)
    v.

CAYUGA COUNTY JAIL et al.,

                              Defendants.
_____

APPEARANCES:

GREGORY THOMAS
13366-052
Plaintiff, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.**    **INTRODUCTION**

The Clerk has sent to the Court for review a complaint brought pro se by plaintiff Gregory Thomas. Dkt. No. 1. Plaintiff, who is confined at Ray Brook Federal Correctional Institution ("FCI Ray Brook"), has paid the filing fee for this action.[1]

**II.**    **SUFFICIENCY OF THE COMPLAINT**

    **A.**    **Standard of Review**

Because plaintiff seeks relief from a governmental entity and an employee thereof, the Court must now consider the sufficiency of the allegations set forth in his complaint in light of

---

[1] Plaintiff has not sought leave to proceed in forma pauperis.

28 U.S.C. § 1915A. Section 1915A directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (i) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (ii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. Thus, although the court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine whether plaintiff may properly proceed with this action.

    A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the

2

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B.     Summary of the Complaint

The following facts are set forth as alleged in the complaint.

On October 19, 2015, while housed at Cayuga County Jail "for federal court reasons," plaintiff received a gift card from a family member in the amount of $75.00. Compl. at 3. On October 24, 2015, plaintiff ordered $62.00 worth of commissary items which were to be delivered on October 29, 2015. *Id*. The commissary purchase was handled by defendant Fiducia, a member of the Cayuga County Jail staff. *Id*.

Plaintiff was picked up by the U.S. Marshal early on the morning of October 29, 2015; as a result, plaintiff was not able to receive the commissary items he had ordered. Compl. at 3. Plaintiff advised Fiducia that he was leaving the facility without his commissary items and requested a refund check for the amount of his purchase. *Id*. at 4. Fiducia said that she would "try to get around to [writing him a check]," and told plaintiff that if he did not pick up the items within thirty days, they would be destroyed. *Id*. When plaintiff informed Fiducia that there was no way he could get his purchases after he left the facility, she "did not respond to Plaintiff, instead she turned around and departed the area." *Id*.

Upon his return to FCI Ray Brook, plaintiff wrote numerous letters to Cayuga County Jail "requesting the jail to return his funds." Compl. at 3. Despite these efforts, plaintiff has not received his funds or any response from Cayuga County Jail. *Id*.

Based upon the foregoing, plaintiff claims that he was denied his property without due process in violation of his rights protected under the Fourteenth Amendment to the U.S.

3

Constitution. Compl. at 4-6. Plaintiff seeks an award of damages. *Id*. at 1, 6. In addition to Fiducia, the complaint names Cayuga County Jail as a defendant. For a complete statement of plaintiff's claims and the facts he relies on in support thereof, reference is made to the complaint.

**C.     Analysis**

Section 1983 establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

The Due Process Clause of the Fourteenth Amendment protects persons against "deprivations of life, liberty, or property without due process of law." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016). "[T]hose who seek to invoke its procedural protection must establish that one of these interests is at stake." *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)).

Addressing inmate claims relating to lost or destroyed property the Supreme Court has held that even intentional destruction of a prisoner's property may not be the basis for constitutional claims if sufficient post-deprivation remedies are available to address the claim. *Hudson v. Palmer,* 468 U.S. 517, 531 (1984) (citing *Parratt v. Taylor,* 451 U.S. 527, 541 (1981)). With regard to claims of lost or destroyed property, numerous courts have found

4

that New York provides an adequate post-deprivation remedy in the form of state law causes of action for negligence, replevin, and conversion, among others. *See, e.g.*, *Watts v. N.Y.C. Police Dep't*, 100 F. Supp. 3d 314, 328-29 (S.D.N.Y. 2015); *Larry Carter Center v. Catholic Charities*, No. 5:15-CV-0597 (LEK/ATB), 2015 WL 4067559, at *6 (N.D.N.Y. July 2, 2015); *Cantave v. N.Y.C. Police Officers*, No. 09 Civ. 2226, 2011 WL 1239895, at *7 (E.D.N.Y. Mar. 28, 2011).

The Second Circuit has held that "an adequate post-deprivation remedy is a defense to a Section 1983 due process claim where the deprivation is random and unauthorized," but not "where the deprivation complained of results from the operation of established state procedures." *Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990) (citation omitted); *accord Dove v. City of New York*, 2000 WL 342682, at *2 (S.D.N.Y. Mar. 30, 2000) ("Deprivation of property by a state actor, whether intentional or negligent, does not give rise to a claim under § 1983 so long as the law of that state provides for an adequate post-deprivation remedy and the deprivation was the result of a random and unauthorized act.") (citations and internal quotation marks omitted).

Upon review, and with due regard for plaintiff's status as a pro se litigant, the Court finds that the allegations in the complaint are not sufficient to plausibly suggest that Fiducia acted pursuant to an established procedure used by Cayuga County in handling unclaimed commissary items. Rather, plaintiff alleges that Fiducia told plaintiff that she would write him a refund check if she got "around to it," and refused to respond to his stated concern that there was no way he could retrieve his commissary items once he left the facility. Liberally construed, these allegations suggest that Fiducia's actions were random and unauthorized.

Accordingly, because New York has provided an adequate post-deprivation remedy for lost property, plaintiff's claim against Fiducia is not cognizable under the Fourteenth Amendment and is dismissed without prejudice for failure to state a claim.

The Court has also considered whether the complaint states a cognizable claim against Cayuga County and concludes that it does not.[2] "A municipality or other local government may be liable under [Section 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)). Local governments "are not vicariously liable under § 1983 for their employees' actions;" rather "local governments are responsible only for 'their *own* illegal acts.'" *Id*. (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).[3]

Here, because plaintiff has not alleged facts which plausibly suggest that Fiducia acted pursuant to a custom or policy adopted by Cayuga County, the allegedly improper failure to refund the cost of his commissary purchases does not give rise to a cognizable

---

[2] Although plaintiff has named Cayuga County Jail as a defendant in this case, the real party in interest is Cayuga County. *See, e.g.*, *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.") (citations omitted). For purposes of this initial review, the Court has assumed that Cayuga County is a named defendant.

[3] "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61.

claim against Cayuga County.

Based upon the foregoing, the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for the violation of plaintiff's rights protected under the Due Process Clause of the Fourteenth Amendment upon which relief may be granted.

## III.   OPPORTUNITY TO AMEND

The Second Circuit has held that a district court "should not dismiss [a pro se plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation omitted). Although the complaint does not necessarily indicate that plaintiff might be able to state a valid claim, the Court will nonetheless give him an opportunity to submit a proposed amended complaint.

Any amended complaint submitted by plaintiff in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that the defendants named in that pleading engaged in acts of misconduct or wrongdoing which violated his constitutional rights. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief herein. Plaintiff is advised that his failure to file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further Order of the Court.

## IV.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order; and it is further

**ORDERED** that upon the filing of an amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

**ORDERED** that in the event plaintiff fails to file a signed amended complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

December 4, 2017
Albany, New York

Gary L. Sharpe
U.S. District Judge